IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ANDREW BURKE | § | |
| VS. | § | CIVIL ACTION NO. 9:24cv73 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Andrew Burke, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner challenges his conviction in prison disciplinary case number 20240106056 wherein petitioner was found guilty of making a false statement. As a result of the disciplinary conviction, petitioner received the following punishment: (a) loss of commissary privileges for 60 days; (b) placement in isolation for 45 days and (c) demotion to a classification at which he will earn fewer days of good conduct time credits.

Analysis

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest. State-created liberty interests protected by the Due Process Clause are generally

limited to freedom from restraints imposing an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 478 (1995).

In *Sandin*, the Court adopted a new and different methodology for determining whether a state has created a protected liberty interest to benefit prison inmates. *Id*. Rather than focusing on the presence or absence of mandatory statutory or regulatory language, the Court determined that the reviewing court should consider the nature of the challenged state action and whether it involved such a significant departure from normal prison conditions that the state might have conceivably created a liberty interest. *Id*.

Protected "interests are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In Texas, prisoners eligible for release on mandatory supervised release may have a protected liberty interest in previously-earned good conduct time. *See Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).[1] However, being placed in disciplinary confinement, losing commissary and property privileges, and reduction in good time-earning classification are not sanctions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515

---

[1] In Texas, prisoners who are eligible for release on mandatory supervision must be released when certain criteria are satisfied. For example, prisoners who are eligible for release on mandatory supervision are entitled to be released when the time they have served plus the good conduct time credits they have accrued equal their sentence. When the requirements for release on mandatory supervision have been met, officials have no discretion as to whether or not to release a prisoner. However, not all Texas prisoners are eligible for release on mandatory supervision. Inmates convicted of certain crimes are not eligible for such release.

In *Madison, supra*, the United States Court of Appeals for the Fifth Circuit explained the distinction between release on parole and release on mandatory supervision in the Texas system. The court stated that release on parole is a discretionary and conditional release of a prisoner so that the prisoner serves the remainder of his sentence not in prison, but still under the supervision of the pardons and paroles division. The court, citing *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995), and *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991), stated release on parole was entirely speculative and that there was no constitutional expectancy to release on parole.

U.S. at 478; *see Madison*, 104 F.3d at 768 (concluding that imposing commissary and cell restrictions as punishment constitutes mere changes in the conditions of a prisoner's confinement and do not implicate due process concerns); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("the mere opportunity to earn good-time credits [does not] constitute a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause"); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) ("An inmate has neither a protectible property nor liberty interest in his custody classification . . . .").

Petitioner did not lose any previously earned good conduct time credits as a result of his disciplinary conviction. Thus, the punishment imposed on petitioner did not implicate a protected liberty interest. Petitioner was therefore not entitled to due process before receiving such punishment and this petition for writ of habeas corpus should be denied.

## Recommendation

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 should be denied.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to timely file objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted

by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir. 1996) *(en banc)*.

SIGNED this 10th day of April, 2024.

_____
Zack Hawthorn
United States Magistrate Judge